IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>  v.    )<br>  )<br>CHARLES BARGER,  )<br>  )<br>    Defendant.  ) | Case No. 20-cr-30062 |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Charles Barger's Motion for Reconsideration of Detention Order (d/e 12).  For the reasons set forth below, the Motion is DENIED.

On October 7, 2020, the Grand Jury indicted Barger on one count of Possession with Intent to Distribute 5 Grams or More of Methamphetamine (Actual) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  Indictment (d/e 1).

On November 13, 2020, this Court held a detention hearing for Barger.  The Court ordered Barger detained.  The Court found that Barger was charged with a controlled substance offense, and the evidence against Barger was strong.  The Court further found that Barger had a history of failure to comply with court-ordered terms of release.  He previously

violated the terms his prior probation and supervised release resulting in revocation. Barger further was on probation for a felony drug offense at the time of the offense alleged in the Indictment. The Court noted that location monitoring only showed a defendant's location and did not provide any information of a defendant's activities. The Court found that no combination of conditions of release would reasonably assure the safety of any other person and the community. <u>Detention Order entered November 18, 2020 (d/e 11) (Detention Order)</u>, at 2-3.

Barger now moves for reconsideration of the Detention Order based on new information pursuant to 18 U.S.C. § 3142(f). Barger states that he now can be admitted to an inpatient drug treatment program at Turning Point Recovery Centers in Hannibal, Missouri (Turning Point). He states that his failure to comply with court-ordered conditions of release in the past were all related to his drug addiction. He states that those circumstances would change if he received inpatient drug treatment. He asks for release on bond on the condition that he check himself into Turning Point by December 9, 2020, at 11:00 a.m., for inpatient drug treatment.

The Government opposes the Motion because of Barger's significant criminal history and his history of non-compliance with court ordered terms

of release. The Government also opposes the Motion because Turning Point is not a secure facility so Barger could leave the facility at any time.

The Court agrees with the Government. Turning Point is not a secure facility. Barger, therefore, could leave at any time. He has demonstrated a willingness to violate court-ordered terms of release, so the Court has no basis to believe that he would stay at Turning Point. Further, the Indictment alleges that he committed the alleged offense in this case while on probation for a felony drug offense. Finally, Barger has a history of felony drug convictions and the evidence against Barger in this case is strong. Under the circumstances in this case, including the new information presented in the Motion, the Court is still convinced that no combination of conditions of release will reasonably assure the safety of any other person and the community.

THEREFORE, IT IS ORDERED that Defendant Charles Barger's Motion for Reconsideration of Detention Order (d/e 12) is DENIED.

ENTER: December 7, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE